Harrison C. Barkley *v.* Joseph Russell.

Costs—Defective Title Cured during Pending of Suit for Purchase Money.
A defendant to a suit to enforce a purchase money claim, is entitled to a judgment for costs, where the defect to the title is cured during the pending litigation.

Counter-Claim—Defective Title—Pleading.
A defect in the title to land, is properly the subject of a counter-claim, in a suit to enforce purchase money notes.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

September 10, 1868.

Opinion of the Court by Judge Hardin:

This was an action against the appellant upon his note for $1,121.64 purporting to have been given for a balance of the price of a tract of land.

The answer, which is styled a counter-claim, states the consideration of the note to be the balance of the price of land sold by the plaintiff on the 15th of September, 1856, the date of the note to him, executed a deed to the defendant for the land, the defendant says he did not accept the deed nor authorize the clerk to receive or record it, that the plaintiff was a non-resident and was liable for the breach of his original contract, or in compliance with it, to convey a good and sufficient title, and for the encumbrances of dower and certain alleged interferences of adverse claims, the defense seems to seek an abatement of the note rather than a recission of the contract.

And by an amended answer the note as for the balance of the land, described in the deed as containing 168 acres and 30 poles, is alleged to be for more land than the tract really contained, if legally estimated by horizontal measures as required by the original contract, instead of surface measure as expressed in the deed, and on this ground an abatement of the note is sought.

A reply was filed by the plaintiff, exhibiting title papers and showing the plaintiff had removed from the land the incumbrance of Mrs. Buckner's right of dower, pending the suit, but this reply

does not controvert the alleged non-acceptance of the deed, nor deny certain alleged defects of title.

A judgment was rendered for the plaintiff for the whole amount of his claim and for four-fifths of his costs, one-fifth of his costs being withheld because the title was defective and appeared to have been perfected during the pendency of the suit.

From that judgment this appeal is prosecuted.

In any view of the case as regards the alleged deficiency in the land, it seems to us the defendant was not liable for the plaintiff's costs, but was entitled to a judgment for costs, as under the circumstances the defect of title, although cured pending the suit, was properly the subject of a counter-claim, if not otherwise an available defense when the answer was filed.

It is also insisted for the appellant that although the evidence conduces to the conclusion that the deed was accepted and the note given at the same time for the true balance of the price according to the contract, as expressed in the deed; yet as the plaintiff failed to controvert the alleged non-acceptance of the deed by which alone the contract is shown to have contemplated or adopted the survey of the land by surface measure, and as the quantity is thus shown to be greater than would have resulted from a legal survey, the plaintiff is concluded by the pleading from relying on the acceptance of the deed and the facts thereby shown.

But as the failure to controvert in the reply, the averment of the answer referred to, may well have resulted from the difficulty in determining its character, as a pleading, and whether so much of it as alleges the non-acceptance of the deed in connection with the supposed deficiency and consequent excess of the amount of the note, ought or not to have been treated as merely a plea of partial failure of the consideration, instead of a counter-claim requiring a reply, it will be proper on the return of the cause to allow either party to amend his pleading in the matters referred to, so as to make it distinct and conformable with the rules of the code of practice.

For the errors we have indicated, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Turner, for appellant.*

*Hazlerigg & Winn, for appellee.*